HERNDON v. WOODWARD et al.

**Sale of Land — Contract Rescinded — Rents — Interest.**

Where the contract for the sale of a house and lot was rescinded by agreement of the parties, the rents of the estate sold are to be regarded as equivalent to the interest on the price to be paid for same.

APPEAL FROM CLARK CIRCUIT COURT.

September 29, 1866.

OPINION OF THE COURT BY JUDGE PETERS:

The contract for the sale of the house and lot by Herndon to Eubank was rescinded by the agreement of the parties, and in such cases the general rule as recognized by this court is, that the rents of the estate sold are to be regarded as equivalent to the interest on the price to be paid for the same; that rule was adhered to by the circuit judge in adjusting and settling the mutual claims of the parties for rents and interest.

According to the evidence the property was as valuable, and would have brought as much in the market when the contract of sale was rescinded, as when it was made; and no reason is shown for departing from the well-established equitable rule in this case.

Whether appellant should be adjudged to pay to the Woodwards or to the other creditors of Eubank the balance he was found to be indebted to Eubank could not prejudice him; he was only interested in having the amount he was indebted correctly ascertained and fixed, and when paid, that his liability should cease; this we think the judgment has accomplished and as appellant is not prejudiced thereby, he cannot complain.

We think the evidence leaves no room for doubt that the money borrowed by Eubank of Judge Simpson was applied toward paying for the drugs and not for the house, and that the judgment was as favorable to the Woodwards as they had any right to ask it.

Wherefore, the judgment on the original and cross-appeal is affirmed.